■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN BOYD REESE, JR., Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered May 24, 1971, which, after a hearing, denied the application. Order affirmed. On March 22, 1966 defendant was convicted of robbery in the third degree, on his plea of guilty, and sentenced to an indeterminate prison term of not less than 3½ years and not more than 7 years. Claiming that he was not advised of his right to appeal, he instituted this application for relief under *People* v. *Montgomery* (24 N Y 2d 130). The People consented to a hearing, stipulating that defendant had not been advised of his right to appeal. Since a hearing was held, we should not concern ourselves at this point with whether defendant's allegations were sufficient to warrant one. We are concerned now with the proof, i.e., whether at the hearing defendant demonstrated that "during the time allowed for taking an appeal, [he] disputed the validity of the judgment of conviction but, by reason of ignorance or improper advice of counsel, was prevented from prosecuting an appeal " (*People* v. *Lynn*, 28 N Y 2d 196, 203). We conclude he did not so demonstrate. It has been recognized that in guilty plea situations the claim of excessive sentence is a "viable " one (*People* v. *Lynn*, *supra*; see *People* v. *Coleman*, 30 N Y 2d 582). However, there was not sufficient proof of such a claim here. Defendant's petition contains no allegation that he would have appealed on the ground of excessive sentence. He admitted at the hearing, upon questioning by Judge Gittleson, that he had never expressed dissatisfaction with the judgment to his attorney or to anyone until he prepared his petition seeking *Montgomery* relief. It is our view that defendant's statement on direct examination that he would have appealed on the ground of excessive sentence had he been told of his right to appeal is a position recently assumed rather than one taken "during the time allowed for taking an appeal " (*People* v. *Lynn*, *supra*, p. 203). In effect, that is what the hearing court found and we see no reason to overturn it. Upon this record, resentence was properly denied. Munder, Martuscello, Gulotta and Christ, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse and to grant the application, *nunc pro tunc*, with the following memorandum: Because of the stipulation that defendant had not been advised of his right to appeal from the judgment, the sole questions remaining at the hearing were whether he had a viable claim for review (*People* v. *Lynn*, 28 N Y 2d 196) and whether he would have in fact exercised his right of appeal. He testified he would have appealed from the severity of his sentence — and that is a viable claim (*People* v. *Coleman*, 30 N Y 2d 582). Criminal Term held, however, " as a matter of law that no justification of any kind has been indicated to support a plea for resentence." Under this finding, Criminal Term in effect determined the merits of the claim to be reviewed, but that, of course, could only be done by this court on an appeal to be taken from the resentence. Hence, I vote to reverse and to direct resentence *nunc pro tunc*.